NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0812n.06

No. 13-5516

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Sep 05, 2013**

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| SAM DEXTER PARHAM, JR., | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MOORE and McKEAGUE, Circuit Judges, and HELMICK, District Judge.[*]

PER CURIAM. This appeal presents a challenge to the district court's denial of defendant Sam Parham's motion to suppress evidence allegedly obtained in violation of his Fifth Amendment rights.  Parham entered into a conditional plea of guilty, pursuant to Fed. R. Crim. P. 11(a)(2).  This plea preserved Parham's right to withdraw his guilty plea if he prevailed on appellate review of the motion to suppress.

The sole issue raised is whether the district court acted impermissibly when it shifted the burden of proof onto the defendant Parham to show that *Miranda* warnings were given to him.  Both the government and Parham are in agreement that an improper shifting occurred.  We concur.

---

[*]The Honorable Jeffrey J. Helmick, United States District Judge for the Northern District of Ohio, sitting by designation.

Our case law has made clear that "[i]t is the government's burden to establish a waiver [of *Miranda* rights] by a preponderance of the evidence." *United States v. Adams*, 583 F.3d 457, 467 (6th Cir. 2009). The burden of proof is the government's, not the defendant's. The shifting of the burden onto the defendant in the present case was in error.

This mistake was not harmless. The government has acknowledged that the "officer was never directly asked if he administered the *Miranda* warnings to Parham." (Appellee's Mot. for Remand, p. 6). Nor does our review of the record disclose evidence that the government carried its burden. Thus, acknowledging the district court improperly shifted the burden and finding the government did not demonstrate that Parham was advised of his *Miranda* rights, we **VACATE** the order denying suppression of Parham's statement and **GRANT** the government's motion to remand. On remand, the district court shall allow Parham, at his prerogative, to withdraw his guilty plea, and shall otherwise undertake further proceedings not inconsistent with this opinion.